# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN SCHULTE, et al.,
    Plaintiffs,

vs.

FORD MOTOR COMPANY,
    Defendant.

Civil Action No. 1:08-cv-758
Weber, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiffs' motion for leave to file an amended complaint (Doc. 18), defendant's memorandum in opposition (Doc. 19), and plaintiffs' reply memorandum. (Doc. 20).

On September 24, 2008, plaintiffs John and Kim Schulte filed a complaint against Ford Motor Company, Mr. Schulte's former employer, in the Hamilton County, Ohio Court of Common Pleas. Plaintiffs' complaint alleges five claims arising out of Mr. Schulte's separation from his employment with defendant, including two claims for intentional infliction of serious emotional distress, and claims for breach of contract, constructive termination of employment, and loss of consortium. Defendant Ford Motor Company removed the action to this federal court on October 28, 2008, asserting this Court has diversity jurisdiction over plaintiffs' state law claims because the amount in controversy exceeds $75,000 and the action is between diverse citizens. *See* 28 U.S.C. § 1332. Defendant also asserted that plaintiffs' purported state law claims relating to the denial of benefits under an employee welfare plan are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., and therefore the Court has original federal question jurisdiction over plaintiffs' claims. See 28 U.S.C. § 1331. (Doc. 2).

Plaintiffs' motion to amend the complaint seeks to dismiss Count I (Intentional Infliction of Serious Emotional Distress) and Count III (Breach of Contract) of the original complaint. The motion also seeks to add a claim for disability discrimination under Ohio Rev. Code § 4112, alleging Mr. Schulte was constructively terminated from his employment with defendant as a result of his disability. (Doc. 18 at 2).

Defendant does not oppose the dismissal of Counts I and III of the original complaint, but contends that to the extent plaintiffs seek to destroy the federal question jurisdiction of the Court by the dismissal of these claims, the Court nevertheless retains diversity jurisdiction over the proposed amended complaint. (Doc. 19 at 2). Defendant also opposes the motion to amend to the extent plaintiffs are attempting to pursue a "futile" constructive discharge claim. (Doc. 19 at 3-5).

Rule 15(a), Fed. R. Civ. P., provides that leave to amend a pleading shall be "freely given when justice so requires." Several elements must be considered in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Rule 15(a) must be read in conjunction with Fed. R. Civ. P. 16(b), which requires a district court to enter a scheduling order limiting the time to amend pleadings and provides that such order shall not be modified "except upon a showing of good cause." Once the deadline for amendment of the complaint expires, a plaintiff must show good cause under Rule 16(b) for failing to seek timely leave to amend before the court may consider whether to permit amendment under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see also*

2

*Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). In addition, the potential prejudice to the non-moving party must be considered in deciding whether to allow the amendment. *Leary*, 349 F.3d at 909. Thus, under Rule 16(b), this Court must determine: (1) whether plaintiff's motion to amend was untimely; and, if so, (2) whether "good cause" exists for modifying the scheduling order, including an analysis of potential prejudice to defendants by the granting of plaintiff's motion to amend.

In this case, the Court's scheduling order set a January 30, 2009 deadline for filing any motion to amend the complaint. (Doc. 16). Plaintiffs' motion to amend was filed on January 30, 2009, and was therefore timely. Therefore, the Court considers whether an amendment of the complaint is warranted under Rule 15.

To the extent plaintiffs' motion to amend the complaint seeks to add a claim of constructive termination from employment, defendant opposes the motion on the basis of futility. Defendant contends that plaintiffs' constructive discharge claim in Count Two of the proposed amended complaint is actually an element of plaintiffs' disability discrimination claim in Count Three of the proposed amended complaint and not a separate cause of action. (Doc. 19 at 4). Defendant further argues that plaintiff fails to allege facts establishing a constructive discharge for purposes of the adverse employment action element of his employment discrimination claim.

Plaintiffs assert that the amendment should be permitted and that defendant may contest the viability of this claim through a motion for summary judgment at a later point in time.

Contrary to plaintiffs' assertion, the Court must examine whether the proposed claim for constructive discharge could withstand a Rule 12(b)(6) motion to dismiss. A motion to amend may be denied if including the proposed amendment would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "The test for futility . . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

Here, plaintiffs' "Constructive Termination of Employment" claim alleged in Count Two of the proposed amended complaint could not survive a motion to dismiss. Under Ohio law, the at-will employment doctrine permits either the employer or employee to terminate the employment relationship at any time and for any reason. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985). Plaintiffs may not maintain a common law claim for wrongful constructive discharge in an employment-at-will situation. *Karnes v. Doctors Hospital*, No. 87AP-1028, 1988 WL 115945, at *3 (Ohio 10th Dist. Oct. 27, 1988) (citing *Mers*). The exception to the wrongful discharge of an at-will employee is when such discharge violates clear public policy. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). *See also Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994). Where an employer's discharge of an at-will employee violates clear public policy, the employee may bring a cause of action for wrongful discharge in violation of public policy. *Painter,* 70 Ohio St.3d at 382, 639 N.E.2d at 55. Such policy may be expressed by statute, state or federal

constitution, or administrative rules or regulations. *Id.* at 384, 639 N.E.2d at 56. However, where the employee could receive all the relief to which he is entitled under a statute, he may not maintain a separate common law public policy claim. *Leininger v. Pioneer National Latex*, 115 Ohio St.3d 311, 317, 875 N.E.2d 36, 42-43 (2007) (Ohio law does not "recognize a common-law claim when remedy provisions are an essential part of the statutes on which the plaintiff depends for the public policy claim and when those remedies adequately protect society's interest by discouraging the wrongful conduct.").

Plaintiffs' proposed amended complaint does not allege that Mr. Schulte's discharge violated clear public policy. (See Doc. 18, proposed amended complaint at ¶¶21-25). Even if the proposed amended complaint alleged such a claim, plaintiffs could not maintain a separate public policy discrimination claim because they also allege a statutory disability discrimination claim in Count Three of the proposed amended complaint which provides plaintiffs with an adequate remedy. *See Bialaszewski v. Titanium Metals Corp.*, No. 2:06-cv-1063, 2008 WL 2387059, at *4 (S.D. Ohio June 11, 2008); *Compton v. Swan Super Cleaners*, No. 2:08-cv-002, 2008 WL 1924251, at *5 (S.D. Ohio April 29, 2008); *Ferguson v. Quebecor World Johnson*, No. 01:06-cv-621, 2008 WL 495612, *4 (S.D. Ohio Feb.21, 2008). Since plaintiffs may not maintain a common law Constructive Termination of Employment claim as a matter of Ohio law, an amendment of the complaint to include such a claim would be futile. Therefore, the motion to amend the complaint to include a common law claim of Constructive Discharge of Employment should be denied.

However, to the extent plaintiffs' seek to amend the complaint to include a disability discrimination claim under Ohio Rev. Code § 4112, the motion to amend should be granted.

Plaintiffs allege that when Mr. Schulte returned from medical leave, he was forced to work with no desk, no phone, no work, and no computer. Plaintiffs have alleged sufficient facts to establish the constructive discharge prong of a *prima facie* case of disability discrimination. *See Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 588-589, 664 N.E.2d 1272, 1280-81 (1996) (constructive discharge is determined by whether employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign). The Court is not prepared to rule at this juncture that plaintiffs' disability discrimination claim must fail as a matter of law.

Other factors militating against permitting an amendment, such as bad faith or dilatory motive on the part of the movant, do not exist in this case. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). Accordingly, plaintiffs' motion to amend the complaint to add a claim of disability discrimination under Ohio Rev. Code § 4112 should be granted.

The Court also finds that it has diversity jurisdiction over the proposed amended complaint notwithstanding plaintiffs' allegations to the contrary. (Doc. 18, proposed amended complaint at ¶4). Defendant presents evidence that plaintiffs' potential damages include lost wages in an amount exceeding $75,000.00 if Mr. Schulte is successful on his claims. (Doc. 19, Exh. 1, showing Mr. Schulte earned approximately $85,000 per year at the time of separation and has been separated from employment for 21 months). Plaintiffs only response to this argument is that they dispute the amount in controversy and state that Mr. Schulte "was able to find another job shortly after leaving Defendant." (Doc. 20 at 1-2). However, plaintiffs fail to specify the date Mr. Schulte obtained new employment and the amount of his wages that would be offset by any

recovery in this case. Plaintiffs do not provide the Court with any allegations or evidence that they are seeking or will recover less than the $75,000.00 amount in controversy required by the diversity statute. The proposed amended complaint simply alleges that plaintiffs seek judgment in an amount "believed to be in excess of Twenty Five Thousand Dollars ($25,000)[1], for costs, for prejudgment and post judgment interest, punitive damages, and any other relief. . . ." (Doc. 18 at 6). Defendant has met its burden of proving that it is more likely than not that the amount in controversy has been met. *See Gafford v. General Electric Co.*, 997 F.2d 150, 161 (where defendant offered evidence that former employee's claim for backpay would exceed amount in controversy requirement). *See also Bush v. GE Transporation*, No. 1:05-cv-1360, 2006 WL 753112, at *2 (N.D. Ohio March 23, 2006) (finding claim for back pay, front pay, punitive damages, and attorney fees recoverable under Ohio Revised Code for disability discrimination claim sufficient to establish amount in controversy); *Long v. McKesson HBOC Red Line Healthcare*, No. 2:01-cv-1226, 2002 WL 1578840, at *2 (S.D. Ohio April 26, 2002) (amount in controversy met where plaintiff's demand in discrimination claim included compensatory and punitive damages and attorney fees). Therefore, the Court retains diversity jurisdiction over this matter.

---

[1]Plaintiffs' demand for relief is in compliance with Ohio Civ. R. 8(A) which requires a party who seeks more than $25,000 to "so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought. . . ."

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' motion for leave to file an amended complaint (Doc. 18) be granted in part and denied in part as follows:

    a. Plaintiffs' motion for leave to file an amended complaint dismissing Counts I and III of the original complaint and adding a disability discrimination claim under Ohio Rev. Code § 4112 be granted.

    b. Plaintiffs' motion for leave to file an amended complaint to include a common law claim of Constructive Termination of Employment be denied.

Date: 5/29/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN SCHULTE, et al.,
    Plaintiffs,

vs.

FORD MOTOR COMPANY,
    Defendant

Civil Action No. 1:08-cv-758
Weber, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).